IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John R. Baccus, a/k/a John Roosevelt Baccus, #187393, ) ) ) Plaintiff, ) ) v. ) ) Lewis A. Scott, ) ) Defendant. ) _____) | CIVIL ACTION NO. 9:10-2862-DCN-BM<br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendant.

The Defendant filed a motion for summary judgement pursuant to Rule 56, Fed.R.Civ.P. on April 29, 2011. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 2, 2011, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendant's motion on June 6, 2011, following which a reply memorandum was filed by the Defendant on June 14, 2011.



- 1 -

Defendant's motion is now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified complaint[2] (captioned as a Motion for Emergency Temporary Restraining Order and/or Preliminary Injunction ) that legal materials and papers were taken from him on July 26, 2010 which he needed to challenge his criminal and civil cases.[3] Plaintiff alleges that the retention of these materials by the Defendant has "caused Plaintiff loss, harms and irreparable injuries to his life, liberty, property and welfare, and is delaying Plaintiff in filing his litigations," and seeks injunctive relief.[4]  See generally, Verified Complaint.  Plaintiff has also attached numerous exhibits to his Complaint, to include property control room forms and inventories, an order from the South Carolina Supreme Court concerning a post conviction relief application (dated August 5, 2010), a copy of an Incident Report from June 18, 2010, and a copy of a Request to Staff Member dated June 25, 2010.

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.  The Defendant has filed a motion for summary judgment.  As this is a dispositive motion this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).  Plaintiff has filed a verified Complaint.  Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

[3] Plaintiff is a frequent filer of litigation in this Court.  Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

[4] It is noted that while Plaintiff claims the conduct alleged is causing him irreparable injury, Plaintiff did not file this lawsuit until four (4) months after these legal materials and papers were allegedly taken from him.



Although the Defendant has submitted two affidavits in support of summary judgment in this case, for purposes of this opinion the only affidavit discussed is that of Ann Hallman. Hallman attests that she is the Inmate Grievance Administrator for the SCDC, and that her job is to supervise grievance coordinators at several institutions.[5] Hallman attests that Plaintiff was transferred to the McCormick Correctional Institution (MCI) in July 2010, that she has personally reviewed Plaintiff's grievance records, and that (as of the date of Hallman's affidavit - April 18, 2011) Plaintiff had filed only one grievance since arriving at MCI. Hallman attests that Plaintiff filed a grievance on March 10, 2011, No. MCI 0268-11, which dealt with medical issues and did not deal with access to Plaintiff's legal materials. Hallman further attests that, even with respect to this grievance, it was returned to the Plaintiff unprocessed on April 13, 2011 because he had more than the allowed number of additional pages attached. Hallman attests that was given five (5) days to refile the grievance, but that Plaintiff failed to do so, nor has he filed any other grievances since he has been at MCI. See generally, Hallman Affidavit.

Plaintiff has attached numerous exhibits to his memorandum in opposition to summary judgment; however, none of these exhibits deal with the grievance issue discussed by Hallman in her affidavit.[6] Plaintiff does reference the grievance issue twice in his eighteen (18) page

---

[5] This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc., 425 F.2d 1296; see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).

[6] The Court has also reviewed Plaintiff's filing "Plaintiff's Exhibits, Public Records" of April 18, 2011 (Court Docket No. 46), as well as his "Reply" filed March 21, 2011 (Court Docket No. 39),
(continued...)



opposition memorandum, stating on page 3: "Plaintiff exhausted his administrative remedies prior to filing suit by submitting multiple grievances pursuant to prison's grievance procedure all of which were either disregarded or used for retaliatory purposes by Defendants."[7]  On page 9 of his memorandum, Plaintiff states: "Exhaustion excused where warden misled prisoner/plaintiff during grievance process."  Plaintiff appears to argue on this page that he was promised a "legal box" to "switch out" his "tools", but was somehow misled, although his argument on this point is not clear.[8]

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992).  Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal

---

[6](...continued)
and notes that these materials and attachments also fail to address the grievance exhaustion issue.

[7] Although Plaintiff has submitted numerous exhibits with his filings, he cites to no evidence or exhibits to support this statement.

[8] The undersigned would also note that while Plaintiff has a pending motion to compel, the discovery responses being disputed again do not appear to address any grievance exhaustion issues.



construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the evidence submitted in this case, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendant is entitled to summary judgment.

Defendant argues in his motion, inter alia, that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendant has the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to



- 5 -

be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, the Defendant has submitted an affidavit from Ann Hallman, who attests that Plaintiff did not file a grievance with respect to the claims asserted in this lawsuit prior to filing this lawsuit, and in fact did not even complete the grievance process for the one grievance he did file, which related to another issue. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; see also, Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]. For his part, Plaintiff does not even address the grievance issue in his verified complaint,[9] and although he states in his opposition memorandum that he exhausted "multiple grievances" prior to filing this lawsuit, he provides no dates or grievance numbers, copies of grievance forms, nor has he submitted any other evidence to show that he in fact exhausted his administrative remedies with respect to this claim. Morgan v. Churchs Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) [The Court is not required to "accept as true legal conclusions or unwarranted factual inferences"]; see also Sylvia Development Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995)[explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range or reasonable probability" and that ["[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)]; Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff

---

[9]Plaintiff did not use the normal form prisoner complaint, which includes a section on whether or not administrative remedies have been pursued and exhausted.



claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]; Jacobs v. Pennsylvania Dep't of Corrections, 148 Fed. Appx. 107 at * * 2 (3d Cir. 2005)[Case dismissed for failure to exhaust where, although Plaintiff alleged that he had documents to show exhaustion, he never filed the documents and made no other attempt to support his bare assertion].  Plaintiff has also submitted no evidence, or even cogent argument, to show that he was prevented from filing a grievance or was somehow misled into not filing a grievance.  Morgan, 829 F.2d at 12; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim].

        In sum, the evidence before the Court shows that Plaintiff did not properly file, pursue and exhaust a grievance concerning the issues raised in this case prior to filing this lawsuit.  Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies].  This evidence is sufficient to meet the Defendant's burden of establishing Plaintiff's failure to exhaust his administrative remedies.  Anderson, 407 F.3d at 683.  Therefore, the Defendant is entitled to summary judgment on Plaintiff's claims.  Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)).



## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' Motion be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 5, 2011

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

